# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

_____

**No. 21-7087**                     **September Term, 2022**

**1:19-cv-02997-ABJ**
**1:20-cv-02884-ABJ**

**Filed On:** September 1, 2022

In the Matter of: Jeannie Quinteros,

-----------------------------

Jeannie Quinteros,

      Appellant

    v.

Capital Ventures International, LLC,

      Appellee

-----------------------------

Consolidated with 21-7088

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

**BEFORE:**    Pillard, Wilkins and Katsas, Circuit Judges

## J U D G M E N T

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R. App. P. 34(a)(2); D.C. Cir. Rule 34(j). Upon consideration of the foregoing and the motion to supplement the record, it is

**ORDERED** that the motion to supplement the record be denied. Appellant has not shown that supplementation of the record on appeal is appropriate under Federal Rule of Appellate Procedure 10(e)(2)(C). Nor has she shown that supplementation of the record "would establish beyond any doubt the proper resolution of the pending

issues" or otherwise would be "in the interests of justice." Colbert v. Potter, 471 F.3d 158, 165-66 (D.C. Cir. 2006) (citations omitted). It is

**FURTHER ORDERED AND ADJUDGED** that the district court's August 13, 2021 order be affirmed. When this court reviews a district court's order on appeal from bankruptcy court, it "sits as a second court of review and applies the same standards as the district court." In re Hope 7 Monroe St. Ltd. P'ship, 743 F.3d 867, 873 (D.C. Cir. 2014).

Appellant argues that her adversary proceeding, Quinteros v. Capital Ventures International, LLC, No. 19-ap-10013 (Bankr. D.D.C.), was not a core proceeding and that the bankruptcy court therefore lacked jurisdiction to enter a final order and judgment. The district court concluded, however, that appellant forfeited any argument that the proceeding was non-core because her complaint expressly stated that the proceeding was a core proceeding under 28 U.S.C. § 157; that appellant also consented to the bankruptcy court's jurisdiction by requesting immediate entry of an order in her prayer for relief; and that, in any event, its ruling would be the same if it treated the bankruptcy court's order as proposed findings of fact and conclusions of law. Appellant has not shown that these conclusions were erroneous. See Wellness Int'l Network, Ltd. v. Sharif, 575 U.S. 665, 678-81 (2015) (party may waive right to have Article III judge enter final order for non-core proceeding); 28 U.S.C. § 157(c)(2) (party may consent to bankruptcy court's jurisdiction over non-core proceedings); Fed. R. Bankr. P. 8018.1 ("If, on appeal, a district court determines that the bankruptcy court did not have the power under Article III of the Constitution to enter the judgment, order, or decree appealed from, the district court may treat it as proposed findings of fact and conclusions of law.").

Appellant has raised no other challenge to the dismissal of her complaint against appellees Madison Management Services, LLC, and CitiMortgage, Inc., and she therefore has forfeited any such challenge. See United States ex rel. Totten v. Bombardier Corp., 380 F.3d 488, 497 (D.C. Cir. 2004).

Additionally, the district court correctly concluded that appellant had shown no error in the bankruptcy court's order granting the remaining appellees' motion to dismiss or, in the alternative, for summary judgment on her claims against them in the adversary proceeding. Appellant argues that there was a genuine issue as to the right of Capital Ventures International, LLC ("Capital Ventures") to enforce the note secured by the mortgage on her property. However, appellant has not shown that the district court erred in concluding that Capital Ventures has the right to enforce the note based on the loan modification agreement and settlement agreement signed by appellant in 2015.

Appellant does not dispute her contemporaneous awareness that the original note had been lost, and the agreements' silence as to the loss of the note does not support her conclusory assertion that she was misled to believe the note had been found.

For these same reasons, appellant has not shown that the bankruptcy court abused its discretion in granting Capital Ventures' motion for relief from the automatic stay in In re Quinteros, No. 19-br-195 (Bankr. D.D.C.).

Finally, appellant has not shown that the district court abused its discretion in denying the motion for judicial notice in the appeal from the adversary proceeding. Appellant has not demonstrated that the deposition transcript as to which she sought judicial notice is relevant to the disposition of this case. See Larson v. Dep't of State, 565 F.3d 857, 870 (D.C. Cir. 2009).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

**Per Curiam**